UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRY SYKES,

               Plaintiff,

      vs.                                    1:11-CV-797
                                        (NAM/RFT)

NEW YORK STATE CHILD SUPPORT
PROCESSING CENTER, STATE OF NEW YORK,
and BANK OF AMERICA,

               Defendants.
_____

APPEARANCES:                          OF COUNSEL:

Derry Sykes
*Plaintiff Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

MEMORANDUM-DECISION AND ORDER

Plaintiff commenced the above-referenced action in the Middle District of Florida on July 12, 2011, asserting that defendants are violating the Social Security Act by garnishing Social Security Income ("SSI") payments which are directly deposited into his bank account in Florida. Plaintiff's complaint is couched as an Order to Show Cause for a temporary restraining order and preliminary injunction. Plaintiff seeks an order of this Court which will immediately lift the restraining notice placed on his bank account by the defendant state agency and direct defendants to cease and desist from unlawfully confiscating his SSI payments. Plaintiff also filed an application to proceed in this action *in forma pauperis*. The case was transferred to this District by the Middle District of Florida on the ground of improper venue. To wit, the transferring court concluded from review of the various attachments to plaintiff's complaint that since the New York State Child Support Processing Center, the state agency named in the complaint, was

located in Albany, New York, the action was properly venued in the Northern District of New

York.

This Court has reviewed the complaint and the attachments thereto in addition to a letter

motion dated August 5, 2011, by plaintiff requesting an expedited determination of his motion to

lift the restraining order on his banks accounts.  The letter motion includes an attachment,

correspondence to plaintiff dated July 15, 2011, from Office of Child Support Enforcement in

New York, New York.  In this letter, an enforcement representative explains, in response to

plaintiff's request that the restraint be removed from his bank account, that he will have to

provide a copy of his social security award letter and bank statements for the months of April,

May and June 2011.  The Court notes that if it is the Office of Child Support Enforcement in New

York City that has actually restrained plaintiff's account, as opposed to the New York State Child

Support Processing Center in Albany, New York, then plaintiff's complaint has named the wrong

defendant agency.  Indeed, the complaint states that the "[d]efendant New York State Child

Support Processing Center ... resides at Post Office Box 826, Canal Street Station, New York,

New York 10013."  However, it is clear from the attachments to plaintiff's complaint which

include the actual restraining notice at issue herein that the address on Canal Street Station in

New York City is the Office of Child Support Enforcement, not the New York State Child

Support Processing Center.  The Court notes that if plaintiff has named the wrong agency in his

complaint, he may amend it to name the correct one, but this may ultimately result in raising the

issue of venue again in this case.  To wit, the Office of Child Support Enforcement resides in New

York City which is in the Southern, rather than the Northern District of New York.

In any event, since the complaint as it was filed presently names a defendant agency that

2

resides in this District, the Court will address all matters currently pending.  Plaintiff has filed a

motion for in forma pauperis status ("IFP"), but the affidavit of indigency that he completed when

he filed the action in the Middle District of Florida is incomplete.  Plaintiff does not provide

required information concerning his employment or financial status such that a determination of

his qualification for IFP status could be made.[1]  In the absence of a fully completed application

for IFP status the Court is constrained by the Fed. R. Civ. P. and Local Rule 5.4 to grant IFP

status to plaintiff.

  Turning to plaintiff's request that the Court issue immediately a temporary restraining

order ("TRO") lifting the restraint on his bank account, the Court finds there is no basis for

granting this relief presently.  Plaintiff asserts that defendants - in an attempt to satisfy a judgment

rendered against plaintiff for unpaid child support payments in the State of New York - are

unlawfully seizing electronic SSI payments made by the Social Security Administration ("SSA")

into his bank account in violation of the Social Security Act.  Plaintiff contends that as a result of

defendants unlawful actions, he cannot obtain the medical and nutritional needs he requires to

survive.  Indeed, the SSA administers the SSI program, 42 U.S.C. § 1381 *et seq*. , which provides

benefits to indigent persons who are aged, blind or disabled.  42 U.S.C. § 1383(d)(1) was enacted

to ensure that SSI benefits are available to meet the basic needs of the plan's beneficiaries.  §

1383(d)(1) incorporates 42 U.S.C. § 407 which states that, "none of the monies paid or payable

under this subchapter [42 U.S.C. § 401 *et seq*.] shall be subject to execution, levy, attachments,

garnishment or other legal process or to the operation of any bankruptcy or insolvency law." 42

---

[1] The Court notes that the attachments to plaintiff's complaint includes an online statement concerning his personal account with Bank of America.  The information from said statement suggests that as of July 5, 2011, plaintiff's account had a balance of $54,947.47.

U.S.C. § 407(a).  SSI benefit recipients are required to receive their payments electronically

pursuant to federal regulations.  *See* 31 C.F.R. § 208.3.

"[I]nterim injunctive relief is an extraordinary and drastic remedy which should not be

routinely granted."  *Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d

Cir.1981) (internal quotation omitted).  "The Second Circuit has never applied a different

standard for a temporary restraining order than for a preliminary injunction, and district courts

have assumed them to be the same."  *Allied Office Supplies, Inc. v. Lewandowski*, 261 F.Supp.2d

107, 108 n. 2 (D. Conn. 2005).  That standard requires a plaintiff or moving party to demonstrate

"a threat of irreparable injury and either (1) a probability of success on the merits or (2)

sufficiently serious questions going to the merits of the claims to make them a fair ground of

litigation, and a balance of hardships tipping decidedly in favor of the moving party."  *Motorola

Credit Corp. v. Uzan*, 322 F.3d 130, 135 (2d Cir. 2003).  However, "when, as here, the moving

party seeks a preliminary injunction that will affect government action taken in the public interest

pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving

party meets the more rigorous likelihood-of-success standard."  *Sussman v. Crawford*, 488 F.3d

136, 140 (2d Cir. 2007) (citations omitted).  That is, plaintiffs "must establish a clear or

substantial likelihood of success on the merits."  *Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir. 2000).

In the present case, it appears from the record before the Court that the state agency

responsible for restraining plaintiff's bank account has requested from him documentary evidence

demonstrating that the monies being seized are solely the proceeds of SSI payments.  To wit, the

Office of Child Support Enforcement has requested that plaintiff furnish copies of his Social

Security award letter and bank statements for the three months prior to issuance of the restraining

notice.  Plaintiff states in his letter motion to the Court that he submitted a copy of his social

security award and a "letter stating that [he is] only receiving SSI Disability."  However, the

Office of Child Support Enforcement did not ask for a letter from plaintiff stating the nature of his

income.  Rather, the agency requested copies of his bank accounts to ascertain for itself the

amount and source(s) of plaintiff's financial resources.  As referenced above, plaintiff's online

bank statement indicates he has substantial financial resources.  In order to demonstrate

likelihood of success on the merits of his claims against defendants, plaintiff is required to show

that the monies in said bank account are there solely as a result of his SSI payments.  Plaintiff has

not submitted any evidence which proves the source or nature of any of the funds in his bank

account.  Consequently, the Court finds plaintiff has failed to meet his burden of demonstrating

entitlement to a TRO at this time.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion (Dkt. #2) for an order granting him *in forma pauperis*

status is DENIED without prejudice; and it is further

ORDERED that plaintiff is directed to either pay the required filing fee of $350.00 or

submit a complete application for consideration of his *in forma pauperis* status (See

N.D.N.Y.L.R. 5.4(b)) within thirty (30) days; and it is further

ORDERED that if plaintiff fails either to pay the $350.00 filing fee in full, or fully comply

with this Local Rule 5.4(b) as outlined above, within thirty (30) days from the date of the filing of

this Decision and Order, this action will be dismissed without prejudice without further Order of

this Court; and it is further

ORDERED that plaintiff's application for a temporary restraining order (Dkt. #3) is

DENIED; and it is further

ORDERED that plaintiff's letter motion (Dkt. #8) is DENIED as moot in light of the

Court's above-referenced determinations; and it is further

ORDERED that should plaintiff fail to comply with the terms of this Memorandum-

Decision and Order, within the time period specified above, the Clerk shall enter judgment

dismissing this action without prejudice without further Order of this Court; and it is further

ORDERED that the Clerk of the Court serve a copy of this Memorandum-Decision and

Order on plaintiff in accordance with the Local Rules and the Clerk is further directed to send

plaintiff a blank copy of this District's *in forma pauperis* application.

IT IS SO ORDERED.

Date:   August 19, 2011
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge